```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

RICHARD BARKER, *on behalf of*  *
*the United States of America*
*and the State of Georgia*       *

    Plaintiff,              *
                                         CASE NO. 4:12-cv-108
vs.                              *

COLUMBUS REGIONAL HEALTHCARE    *
SYSTEM, INC., THE MEDICAL
CENTER, JOHN B. AMOS CANCER     *
CENTER, REGIONAL ONCOLOGY LLC,
THOMAS J. TIDWELL, and COLUMBUS *
RADIATION ONCOLOGY TREATMENT
CENTER,                          *

    Defendants.             *

## O R D E R

    Plaintiff asserts claims against Defendants under the False Claims Act based on alleged violations of the Anti-Kickback Statute and the Stark Law. Defendants contend that they complied with the Anti-Kickback Statute and the Stark Law partly because certain safe harbor provisions apply in this case. Defendants did not raise these safe harbor defenses as affirmative defenses in their Answers, but they seek leave to amend their Answers to add them now.

    The Court assumes for purposes of the pending motions that the safe harbor defenses are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c). "If the party

fails to raise an affirmative defense in the pleadings, the party generally waives its right to raise the issue at trial." *Berqquist v. Fid. Info. Servs., Inc.*, 197 F. App'x 813, 814 (11th Cir. 2006) (per curiam) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).  The purpose of this rule is to provide the opposing party with notice of the affirmative defense.  *Id.* at 815.  "'When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.  And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.'"  *Id.* (quoting *Hassan*, 842 F.2d at 263).  Therefore, even if a defendant does not formally raise an affirmative defense in its pleadings until summary judgment, the courts generally find no waiver of the affirmative defense as long as the plaintiff was on notice during discovery that the defendant planned to raise the defense.  *E.g., Edwards v. Fulton Cnty., Ga.*, 509 F. App'x 882, 888 (11th Cir. 2013) (per curiam).

It has never been a secret that the safe harbor provisions are a significant issue in this case.  Plaintiff alleged that none of the safe harbors applies in this case, and Defendants argue that one or more safe harbors applies.  The parties have engaged in discovery relevant to the safe harbors.  For all of

these reasons, the Court is satisfied that Defendants have not waived the safe harbor defenses.  Defendants' Motions to Amend (ECF Nos. 54 & 55) are granted, and Defendants shall be permitted to amend their Answers to make their position on the safe harbor defenses abundantly clear.  The amended Answers shall be filed within seven days of today's Order.

Plaintiffs argue that if Defendants are permitted to assert the "good faith" safe harbor defenses, then Plaintiffs should be allowed to discover privileged documents that may support the defenses.  Plaintiffs filed a motion to compel production of these documents as an alternative to their opposition to Defendants' motions to amend.  In light of today's Order permitting Defendants to assert the safe harbor defenses, the parties shall confer with each other in accordance with Local Rule 37.  Plaintiff's present motion to compel (ECF No. 53) is terminated, but Plaintiff may refile it (and seek a limited extension of discovery) after he in good faith confers with Defendants "in an effort to secure the information without court action."  M.D. Ga. R. 37.

IT IS SO ORDERED, this 23rd day of June, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE