**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
(COLUMBUS DIVISION)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | | |
| STATE OF GEORGIA *ex rel.* | : | |
| | | |
| RICHARD BARKER, | : | |
| | | |
| Plaintiffs, | : | Civil Action No. |
| | | 4-12-cv-108(CDL) |
| v. | : | |
| | | |
| COLUMBUS REGIONAL HEALTHCARE | : | |
| SYSTEM, THE MEDICAL CENTER, | | |
| JOHN B. AMOS CANCER CENTER, | : | |
| REGIONAL ONCOLOGY, LLC., | | |
| THOMAS J. TIDWELL, and | : | |
| COLUMBUS RADIATION ONCOLOGY | | |
| TREATMENT CENTER, | : | |
| | | |
| Defendants. | : | |

**PLAINTIFF/RELATOR'S MEMORANDUM OF LAW
IN SUPPORT OF RENEWED MOTION TO COMPEL PRODUCTION OF
ATTORNEY-CLIENT PRIVILEGED
DOCUMENTS AND TESTIMONY FROM DEFENDANT CRHS**

Plaintiff /Relator Richard Barker hereby respectfully moves to compel

production of attorney-client privileged documents and testimony in accordance

with the Eleventh Circuit's holding in *Cox v. Administrator U.S. Steel & Carnegie

Pension Fund*, 17 F.3d 1386, 1419 (11th Cir. 1994).  In *Cox*, the Court held that

parties waive the attorney-client privilege when they assert as a defense their good

faith reliance upon a belief that their conduct was legal.  The defendants'

affirmative defense of good faith compliance with the Stark Act and Anti-Kickback Law ("AKS") Safe Harbors and its general "good faith" defense fall squarely within the holding in *Cox*.

## STATEMENT OF FACTS

The Complaint in this case was filed under seal on June 20, 2012, as required by the provisions of the False Claims Act. On May 10, 2013, the Relator filed an Amended Complaint, also under seal (Document No. 10). That Amended Complaint included allegations, as relevant here, that CRHS had violated the Stark Act and the Anti-Kickback Statute by, *inter alia*, entering into prohibited remuneration relationships with Regional Oncology of Columbus ("ROC"), a radiation oncology practice, and/or its physicians. (Amended Complaint at Paras. 109-112). The Amended Complaint also alleged that CRHS' 2010 purchase of the Tidwell Cancer Treatment Center ("TCTC"), another Columbus-based radiation oncology practice, violated Stark and the AKS. ( *Id.* at Paras. 113-116).

The Defendants were served with the Amended Complaint on or about May 20, 2013, after the United States indicated its intent to decline to intervene and the case was unsealed. On September 25, 2013, Defendant CRHS filed an answer, including an affirmative defense of good faith compliance with the law. On October 25, 2013, Dr. Tidwell filed an answer which similarly included an

affirmative defense of good faith compliance with the law. [1]  Discovery commenced in this case in November 2013, under the Court's October 28, 2013 Rule 16 Scheduling Order.  (Document No. 42)  The Order set a May 31, 2014 deadline for completion of fact discovery.  On May 7, 2014, that deadline was extended to June 30, 2014 by consent of the parties, with the Court's approval. (Document No. 49)

On May 29, 2014, Relator and CRHS scheduled a call to discuss the parameters of the Relator's Rule 30(b)(6) deposition which was set for the last week of June.  The call occurred one business day before the original fact discovery deadline would have passed, one month before the extended discovery deadline and some six months after discovery in this case commenced. During this call, and for the first time in this case, CRHS' counsel notified undersigned counsel that, in "an abundance of caution," CRHS intended to move to amend its answer to specifically assert the affirmative defense of compliance with the Stark and AKS safe harbors.   Dr. Tidwell's counsel notified Relator's counsel by email dated June 9, 2014 that Dr. Tidwell also intended to amend his answer to assert the same defense.   On June 9, 2014, the Defendants filed Motions to Amend Answers (Document No. 54 and 55), which the Court granted by order dated June 23, 2014.

---

[1]  *See* Answer of Columbus Regional Healthcare System at p. 91. (Document No. 22);  Answer of Defendant Tidwell at p. 2 (Document No. 20).

(Document No. 58)  The Court ordered the Defendants to file their Amended Answers within seven days of that Order.

CRHS produced a privilege log on May 9, 2014, some five months after its response to the Relator's requests for production were initially due.  That privilege log makes clear that whether payments to ROC and Dr. Tidwell were legal under the Stark and Anti-Kickback Statute was carefully considered by CRHS and its outside and inside counsel contemporaneous with the transactions in question, which took place many years ago.  The privilege log provided by CRHS contains 51 references to what appears to be legal advice regarding the purchase of Dr. Tidwell's practice in 2010.  The privilege log has 138 total references to legal advice sought or received in connection with compensation to ROC or its physicians.  (CRHS' Privilege Log is attached hereto as Exhibit 1.)  On June 12, 2014, Dr. Tidwell produced a privilege log.  That log does not reflect that Dr. Tidwell received advice of counsel regarding the sale to CRHS of the Tidwell Cancer Treatment Center, a fact that was confirmed in a recent deposition of Mrs. Tidwell in this case.  The Relator is not moving to compel the production of attorney-client privilege documents from Dr. Tidwell at this time, based upon these facts and assertions, but reserves the right to do so at a future time, should the facts change.

The Relator and Defendant CRHS have conferred on the issue addressed by this Motion to Compel, as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 37 by exchanging detailed emails and correspondence on the issue.  The correspondence between the parties is attached hereto as Exhibit 2.  A further attempt to resolve this issue took place by telephone conference on June 26, 2014, attended by all parties and their counsel.  Although the parties have discussed the issue in good faith and reviewed each others' contentions in detail, the parties have been unable to agree on this issue.

## ARGUMENT

### I.    CRHS WAIVES THE ATTORNEY-CLIENT PRIVILEGE UNDER ELEVENTH CIRCUIT LAW BY ASSERTING A DEFENSE OF GOOD FAITH COMPLIANCE WITH THE LAW.

By seeking to amend its Answer to include the affirmative defense of good faith reliance upon compliance with the Stark and Anti-Kickback laws, CRHS has squarely placed the issue of waiver of the attorney-client privilege before the Court.  The issue of waiver has also been joined by CRHS' recent production of its privilege log on May 9, 2014, which clearly reflects discussions with counsel about the remuneration relationships at issue here.  *See* discussion *supra* at pp. 5-6 and Exhibit 1.  Up until now, in light of CRHS' failure to assert more than a boilerplate defense of good faith reliance on the law, and its failure to previously identify any privileged documents addressing the alleged remuneration relationships, moving to

compel attorney-client privilege would have been premature.  Now that the privilege has actually been asserted through the production of the privilege log and the affirmative defense asserted in its original and Amended Answers the issue of waiver is now ripe for the Court's decision.

The law is clear in the Eleventh Circuit and elsewhere that a Defendant waives the attorney-client privilege when it "injects into the case an issue that in fairness requires an examination of otherwise protected communications."  *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1419 (11th Cir. 1994).  In *Cox*, the Eleventh Circuit considered whether U.S. Steel ("USX") had waived the attorney-client privilege by asserting that it believed its revised personnel policies were completely lawful, in the face of accusations by union members that the Company had changed its leave-of-absence policy to influence union officials by increasing their pension rights during labor negotiations.  The Eleventh Circuit noted that "[a]lthough USX has denied any intent to assert a defense of advice of counsel or to rely on any privileged attorney-client communications in its defense, . . . 'USX's defense . . . necessarily implicates all of the information at its disposal when it made the decision to change the leave-of-absence policy . . . .'"  *Id*. at 1418.

The Eleventh Circuit affirmed the district court's holding that USX had waived the attorney-client privilege by asserting this defense, noting that "it would

be inequitable to allow USX to present evidence tending to show it intended to comply with the law, while allowing it to cloak in privilege those documents tending to show it might have known its actions did not conform to the law." *Id*. The Eleventh Circuit also pointed out that it was USX's "affirmative . . [assertion] that it believed that its change in pension fund policy was legal" that "injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege." *Id*. at 1419.   According to the Court, USX could have simply denied intent without affirmatively asserting good faith, and preserved its privilege.  *Id. See also U.S. v. Bilzerian*, 926 F.2d 1285,1292 (2d Cir. 1991)(defendant's testimony that he thought his actions were legal put his knowledge of the law and the basis for his understanding of what the law required in issue and conversations with counsel regarding the legality of his schemes were directly relevant).

        Similarly, in a case nearly identical to the one before the Court, Exxon asserted a defense of "good faith compliance with governmental regulations," in a suit by the government to recoup oil overcharges.  *U.S. v. Exxon Corp*., 94 F.R.D. 246, 247 (D.D.C. 1981).  The Court rejected the defendant's argument "that its good faith defense only involved communications between Exxon and the government," holding instead that Exxon's "internal statements should also reveal whether Exxon honestly believed that it acted in good faith."  *Id.*  The Court

ultimately concluded that "any documents pertinent to Exxon's defense of good faith are discoverable." *Id* at 248. *E.g. United States v. Mackey*, 2012 WL 3260462 at 4 (N.D. Ga. 2012)(if privilege existed, it would be waived by assertion of good faith defense to charges that defendant defrauded investors); *Carpenter v. Mohawk*, 2007 WL 5971741 at 12  (N.D. Ga. 2007) (Defendant's assertion that its attorney's interview of the Plaintiff was solely designed to determine whether Plaintiff had violated the law rather than to determine if he had reported violations of the law by the Defendant to the authorities required review of privileged communications).

It does not matter whether the Defendant formally asserts the advice of counsel defense, the privilege is waived if the Defendant relies upon its good faith compliance with the law as a defense to the allegations of the Complaint. *See e.g.*, *United States ex rel. Saldivar v. Fresenius*, No. 166, 1:10-cv-01614-AT, at 2, (N.D. Ga. Feb. 21, 2014) (waiver of privilege is appropriate in FCA case where defendant contends its actions complied with the law whether or not the defendant asserts advice of counsel as a defense) *citing Cox,* 17 F.3d , at 1418; *see also Cox,* at 1395; *see also Mackey,* 2012 WL 3260462,  at 4 (N.D. Ga 2012)(finding that even if defendant had not waived the attorney-client privilege through disclosure to a third party, that the privilege was nevertheless waived by implication when he raised a good faith defense. The issue of defendant's knowledge of the law was

injected into the case, thus waiving the attorney-client privilege). This case law applies squarely to the defenses that CRHS seeks to assert here, that it acted in "good faith compliance" with the law and regulations, specifically, the regulatory safe harbors exempting certain remuneration relationships from the provisions of the Stark and AKS.

As the Eleventh Circuit noted in *Cox*, "[a] defendant may not use the privilege to prejudice his opponents' case or to disclose some selected communications for self-serving purposes." 17 F.3d at 1417. The Court held that "such selective disclosure for tactical purposes waives the privilege." *Id*. CRHS' assertion of specific defenses in this case, without a full waiver, fundamentally prejudices the Relator's case. One can just imagine the reaction of a jury to testimony by CRHS' witnesses that they believed that CRHS' transactions fully complied with the Stark and AKS safe harbors without any corresponding evidence from the Relator about what CRHS actually knew about what the law required. It most certainly would result in substantial prejudice to the Relator's case.

The Eleventh Circuit has made clear that this cannot be permitted to happen, through its holding in *Cox*. This Court is obligated to follow that case law. The Relator is entitled to have all documents, attorney-client privilege and otherwise, that reflect CRHS' internal discussions with counsel about whether its remuneration relationships with Dr. Tidwell and ROC were legal, as well as a

production of any other documents that reflect CRHS' good faith compliance with other aspects of the laws at issues in this case.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff/Relator respectfully requests that the Court order production of all attorney-client privileged documents and testimony that reflects CRHS' understanding whether its remuneration relationships were legal under the Stark and AKS safe harbors within 14 days of the date of this Order.  With respect to scheduling, the Parties have agreed to the following briefing schedule:  Relator's Renewed Motion to Compel shall be filed on June 30, 2014; Defendant's Opposition shall be filed on July 13, 2014; Relator's Reply brief to be filed on July 21, 2014.  With respect to the deadline for completing discovery, the parties also respectfully request that the discovery deadline in this case be extended by 60 days, from the date of any Order issued by the Court which determines the issues raised by this Motion.

Respectfully submitted, this 30th day of June, 2014.

By:    /s/ Jamie M. Bennett
Jamie M. Bennett, Esq.
Nathan M. Peak, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785
Telephone: (301) 459-8400
Fax: (301) 459-1364
jbennett@ashcraftlaw.com
npeak@ashcraftlaw.com

Andrea Solomon Hirsch
Georgia Bar No.
HERMAN GEREL, LLP
230 Peachtree Street, NW
Suite 2260
Atlanta, GA 30303
Telephone: (404) 880-9500
Fax: (404) 880-9605
Ahirsch@hermanmathis.com

*Attorneys for Relator Richard Barker*

## CERTIFICATE OF COUNSEL REGARDING DISCOVERY DISPUTE

Pursuant to Local Rule 37, the undersigned hereby certifies that she has, in good faith, conferred with counsel for Defendant CRHS in an effort to secure the information and material described herein without court action, as is fully set forth in Exhibit 2 to this Motion and in the factual description set forth above.

This 30th day of June , 2014.

/s/ Jamie M. Bennett

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

/s/ Jamie M. Bennett