```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

UNITED STATES OF AMERICA ex      *
rel. RICHARD BARKER, et al.,
                                 *
     Plaintiffs,
                                 *
vs.                                       CASE NOS. 4:12-CV-108 (CDL)
                                 *                  4:14-CV-304 (CDL)
COLUMBUS REGIONAL HEALTHCARE
SYSTEM, et al.,                  *

     Defendants.                 *
```

O R D E R

The Court found that Relator Richard Barker is entitled to a share of settlement proceeds in the amount of $5,337,000.00 plus pro rata interest based on his participation in two *qui tam* actions before this Court. *United States of Am. ex rel. Barker v. Columbus Reg'l Healthcare Sys.*, No. 4:12-CV-108 (CDL), 2016 WL 1241095, at *6 (M.D. Ga. Mar. 28, 2016). Unsatisfied with this amount, Barker filed a motion for reconsideration, arguing that the Court erred in two ways.

First, Barker contends that the Court made factual errors when it determined the amount of damages attributable to the first action, *Barker I*. In support of this position, Barker relies on the same arguments he made in his original briefing. The Court already considered those arguments and rejected them. *Id.* at *2-*4. Barker submitted no new evidence to support

reconsideration, and the Court declines to reconsider its factual findings on the valuation of *Barker I.*

Second, Barker contends that the Court abused its discretion in determining the relator percentage for *Barker II.* The Court considered a number of factors and determined that Barker should recover twenty percent of the *Barker II* proceeds. Barker quibbles with the Court's factual findings regarding the nature of his contribution in *Barker II*, which was settled soon after the *Barker II* complaint was filed.  Barker relies on the same arguments he made in his original briefing regarding the extent of his contributions in *Barker II*.  The Court already considered those arguments and concluded that Barker's contributions in *Barker II* were not as significant as he believes they were.  *Id.* at *6.  The Court is not convinced that its factual findings on this point were erroneous or that a higher relator percentage is warranted for *Barker II*.

For all of these reasons, the Court denies Barker's Motion for Reconsideration (ECF No. 123 in 4:12-cv-108 and ECF No. 32 in 4:14-cv-304).

IT IS SO ORDERED, this 12th day of May, 2016.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA

2